NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2459
_____

UNITED STATES OF AMERICA

v.

DAVID ROBINSON,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:16-cr-00144-001)
District Judge: Honorable Juan R. Sanchez
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 3, 2022

Before: AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: March 14, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant David Robinson, proceeding pro se, appeals the denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.[1]

I.

In 2019, Robinson pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced to 151 months' imprisonment, three years of supervised release, and other penalties. His anticipated release date is in 2026. Robinson appealed the District Court's denial of a motion to suppress evidence, and we affirmed the District Court's judgment. See United States v. Robinson, 821 F. App'x 141, 142 (3d Cir. 2020). He later moved for compassionate release, arguing that due to his age (then 47 years) and underlying health conditions—including obesity, high blood pressure, prediabetes, seizures, and arthritis—he is at a higher risk of serious illness or death from COVID-19. He further asserted that COVID-19-related restrictions within the prison make it difficult for him to receive the activity and treatments needed for his conditions, and that the sentencing factors of 18 U.S.C. § 3553(a) weigh in favor of his release

---

[1] We also grant the Government's request for leave to file its motion for summary action and its motion to be excused from filing a brief.

because he has served a substantial portion of his sentence, has taken steps towards rehabilitation, and is no longer a danger to the community.

The District Court denied Robinson's motion, reasoning that his conditions are well-controlled, that his refusal of the COVID-19 vaccine undercuts his argument that release is necessary to protect his health, and that the § 3553(a) factors weigh against release in any event. Robinson timely appealed and has filed a pro se brief and document in support of his appeal.[2] The Government has moved for summary affirmance.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, "we will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks, alteration, and citation omitted). We may take summary

---

[2] In addition to filing a notice of appeal, Robinson timely moved for reconsideration in the District Court. We stayed this appeal pending disposition of that motion, and Robinson's notice of appeal became effective when the District Court entered its order denying reconsideration. See Fed. R. App. P. 4(b)(3)(B)-(C).

action if the appeal presents no substantial question.  3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  See § 3582(c)(1)(A).  Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

Upon review, we discern no abuse of discretion in the District Court's decision to deny Robinson's motion for compassionate release.  Robinson takes issue with the District Court's conclusion that his refusal to take the vaccine undermines his argument that release is necessary to protect his health, arguing in part that he refused the vaccine based on his religious beliefs.  We need not resolve that issue, however, because the District Court reasonably concluded that release would be inconsistent with several of the § 3553(a) factors.  The District Court noted that Robinson's crimes—two bank robberies involving intimidation—were extraordinarily serious, and that he has a history of prior convictions and is classified as a career offender.  Indeed, Robinson committed the bank

4

robberies at issue while on supervised release for prior convictions of bank robbery and possession of heroin by a federal prisoner. Moreover, the District Court reasoned that Robinson had served less than half of his sentence at the time of the District Court's order and that it had already granted leniency by sentencing Robinson at the low end of the Guidelines range. Thus, it concluded that reducing Robinson's sentence less than two years after its imposition would undermine the goals of sentencing considering the seriousness of the offense, the desire to promote respect for the law, and the need to send a message of deterrence. The District Court did not abuse its discretion in reaching this conclusion.[3]

Accordingly, we will affirm the District Court's judgment.

---

[3] The District Court also did not err in denying Robinson's motion for appointment of counsel, see Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993), or his motion for reconsideration, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).